[Civ. No. 7719. First Appellate District, Division Two.—January 29, 1931.]

KOHOS FEDER, Respondent, v. FRANK BRYSON, Administrator, etc., et al., Appellants.

Harry K. Cohen and Eugene L. Wolver for Appellants.

L. Frank Ottofy for Respondent.

BURROUGHS, J., *pro tem.*—This is an action for damages. The first count of the complaint is for the sum of $10,800, alleged to have been suffered by the plaintiff by reason of a violation of the terms of a lease. The second cause of action is for the sum of $2,685, alleged to have been suffered by the plaintiff because of the wrongful conversion of certain personal property by the defendants. The cause was tried by a jury and a verdict rendered in favor of the plaintiff for the sum of $2,500. Judgment was entered in accordance with said verdict. Defendants made a motion for a new trial. Said motion was denied and the defendants have appealed. The defendant Theodore Ruberg has died and the administrator of his estate has been substituted as one of the defendants.

It appears from a bill of exceptions that on November 7, 1923, said defendants Theodore Ruberg and Elizabeth Ruberg leased to the plaintiff Kohos Feder the Globe Hotel in the city of Los Angeles for a term of five years. The rental price thereof was to be paid in monthly installments of $175, payable in advance. On the same day the plaintiff purchased from the defendants the furniture and equipment used in connection with said hotel, for the sum of $3,500, which amount was paid in cash. The plaintiff entered into possession of said property, and, so far as the record discloses, everything proceeded satisfactorily to all concerned until June 8, 1926, when a fire partially destroyed the building and damaged the furniture. Because of the fire the plaintiff vacated the premises and left his furniture in the hotel. The failure of the defendants to repair the building or to allow plaintiff to have his furniture is the subject of the action. There is a provision in the lease,

that if the premises are damaged by fire and the damage be of such a nature that the building can be repaired within ninety working days from the date of the fire, the lessors shall repair and replace the same as soon as reasonable, deducting the rents for the time it takes to repair the same. There is no claim by the appellants that the evidence is insufficient to support the verdict. It is their contention that the court erred in its rulings upon evidence and misdirected the jury on questions of law. There are thirty specifications of error in the bill of exceptions.

█ The first specification of error is based upon the contention that the court erred in allowing the plaintiff to testify to the amount of income derived from the hotel at the time of the fire; that the court should have compelled the production of plaintiff's books. There are two answers to this claim. They are that plaintiff was testifying to facts within his own knowledge and it is further shown by the record that the only book kept by the plaintiff was a schedule of the prices of the rooms; that this book was left in the hotel and the defendant Mrs. Ruberg had it in her possession thereafter but did not know what she had done with it.

█ The next error assigned was the overruling of the defendants' objection to a question asked of a witness. As there was no answer to the question no error could follow the ruling of the court.

█ It is next claimed that the court erred in excluding from the record a letter written by one Wells, an attorney for the defendants. This letter purported to be an offer to return articles of furniture that were in the hotel building and which it was claimed were part of the furniture belonging to plaintiff. This letter was written eight days after the commencement of this action. It also contained many self-serving declarations that were not proper evidence even had the letter been material to the issues, which it was not. The court was justified in excluding it from evidence in view of the failure of the defendants to segregate the immaterial matter.

█ Another claim of error is based upon alleged misconduct of the trial court. Counsel for defendants asked the plaintiff where he kept the money he had made from the hotel business. At this point a juror asked, what the jury were to learn from this evidence. The court replied:

"Do the best you can." It is claimed that this remark reflected upon the weight of the evidence and influenced the jury against the defendants. Counsel has failed to point out the prejudicial effect of this statement and we perceive none nor was the alleged error called to the attention of the trial court.

Another assignment of error is to the effect that one Nevins, an insurance adjuster, was permitted to testify as to the value of the furniture in the hotel. The witness made a schedule of all the furniture in the house and adjusted the furniture loss. The witness testified that he had never bought or sold second-hand furniture, but that he had adjusted such losses and knew the market value. He was, therefore, qualified to testify on that subject. However, an examination of the bill of exceptions shows that the only value placed on the furniture by this witness was $2,182.09, its value prior to the fire, therefore it was not responsive to the issue as to value subsequent to the fire.

The next assigned error is the ruling of the court sustaining an objection to the following questions asked Morris Feder, a son of the plaintiff: "Q. Did you hear the testimony of Mary Alcazar given here, the housekeeper? A. Part of it. Q. Did you hear her testimony to the effect that there were cases where water had run from toilets and stained the walls and rooms of the building?" It is claimed by appellant that this question was merely preliminary to some later questions concerning damage done prior to the fire, by reason of defective plumbing. Standing alone this question was immaterial. It does not appear that the court was advised of its purpose. However, the information could have been elicited from the witness by direct questions for that purpose had it been proper cross-examination.

The next assignment of error is also without merit. The plaintiff was called as a witness in his own behalf and testified that all the furniture in the premises belonged to him. His counsel then asked him: "What do you estimate the value of the furniture in that place after the fire?" to which the witness replied: "The furniture what I had without the lease is not worth much but with the lease is worth." Thereafter counsel for defendants undertook to cross-examine the witness, whereupon the court said: "Why do you want to cross-examine? What did he say except he didn't know. Do you want to cross-examine him

on that?'' To which counsel for defendant answered: ''This matter I had in mind has already been answered, something I had overlooked.'' Then, referring to another matter, addressed counsel for plaintiff as follows: ''Are you going to introduce this?'' It is now claimed that by such conduct the trial court prohibited further cross-examination of the witness upon the question of value of the furniture. Had counsel stated to the court that the matter he desired to cross-examine the witness upon, and which he had overlooked, related to the value of the furniture, the court would no doubt have permitted him to do so. Having failed to enlighten the court, he should not at this time be permitted to take advantage of his failure to do so.

It is also claimed that the court erred in striking out an answer to a question propounded by the attorney for the defendants to a witness on the ground that the answer was not responsive. It is claimed that the only one who can move to strike out an answer is the person asking the question. Appellants cite *Hirshfield* v. *Dana*, 193 Cal. 142 [223 Pac. 451], in support of this claim. The case cited would be in point if the answer struck out were otherwise admissible, but no such showing has been made.

Appellants also claim that the court erred in making the statement to counsel: ''Once in a while I suggest to counsel, what is the use of cross-examining? She said she was in there four months before the fire to see a friend.'' It is claimed that by this statement the court was passing upon the weight of the evidence. We do not believe the remark made by the court is subject to the interpretation placed upon it by appellant.

The next exception goes to the claim that a motion to strike an answer can only be made where no prior opportunity is had to object, and only the questioning party can move to strike an answer as nonresponsive. This objection is answered by what has heretofore been said upon that subject. It is also objected that a statement made by counsel for respondent relative to the physical condition of defendant Theodore Ruberg was prejudicial error. The answer to this claim is that no motion was made to strike out the remark or to instruct the jury to disregard it.

Appellants contend that the court erred in its instruction to the jury that if after the fire, if they found that the place could have been repaired within ninety working

days and if they further found that such repairs were not made within said time so as to make "the same and every part thereof tenantable", then they should find for the plaintiff, etc. It is claimed that this instruction was erroneous because the only obligation upon the appellants was to make the house "tenantable" not each and every part of it. We think it was the duty of the appellants, under the terms of the lease, to make the entire hotel tenantable. There is sufficient evidence in the bill of exceptions to sustain the implied finding by the jury, that the hotel was never placed in "tenantable" condition.

It is next claimed that the following portion of another instruction is conflicting with the instruction last above referred to in that the former instruction states that it was the duty of appellants to place the hotel and each and every part thereof in tenantable condition. The latter instruction states that it must be placed in such a condition so as to "be used by plaintiff and respondent for the purpose for which it was intended, namely, an hotel". We are of the opinion that the instructions are not conflicting. We do not believe a jury could possibly construe the language in either instruction as meaning more than it was the duty of the appellants to place the entire building in a tenantable condition. Complaint is also made that the court committed error in instructing the jury as to future profits to be derived from the hotel business upon failure to repair, it being the claim that there is no evidence upon that question. On this subject the evidence shows the profits made by the respondent prior to and at the time of the fire. This we believe is a sufficient basis for the jury to consider future profits.

The court refused to give a certain instruction on the credibility of the witnesses. It does not appear what general instruction the court gave. The transcript does not purport to contain all of the instructions. In any event, the instruction was upon a matter of common knowledge and does not constitute prejudicial error. Complaint is also made that where the landlord fails to repair the premises the remedy of the tenant is to repair and deduct the cost thereof from the rent. It is sufficient to say that under the terms of the lease the defendants obligated themselves to make the repairs and therefore no duty devolved upon the plaintiff to make them.

The foregoing disposes of all the objections presented in the brief of appellants. There is no reversible error in the record presented.

The judgment is affirmed.

Sturtevant, J., and Nourse, P. J., concurred.